IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 JAN 17  A 9: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROBBIE AUTERY and SHANE FULMER,     )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )     CIVIL ACTION NO.
                                    )
KEVIN DAVIS in his official capacity as )   2:08-CV-41
Sheriff of Chilton County, Alabama, and )
individually,                       )
                                    )     **DEMAND FOR JURY TRIAL**
    Defendant.                      )

## COMPLAINT FOR RELIEF UNDER 42 U.S.C. § 1983

I.

### JURISDICTION

1.     This Court has jurisdiction of this action as a federal question pursuant to
28 U.S.C. § 1331 and 42 U.S.C. § 1983.

II.

### PARTIES

2.     The Plaintiff, Robbie Autery ("Autery"), is an adult resident of Shelby
County, Alabama and a former Deputy Sheriff in Chilton County, Alabama.

3.     The Plaintiff, Shane Fulmer ("Fulmer"), is an adult resident of Chilton
County, Alabama and a former Deputy Sheriff in Chilton County, Alabama.

4.     Kevin Davis ("Sheriff Davis") is the duly elected Sheriff of Chilton County,
Alabama, and held the office of Sheriff at all times relevant hereto.

## II.

## FACTS

5.     On January 15, 2002, the Alabama House of Representatives passed HB69, local legislation affecting Chilton County, Alabama.   The Senate passed the act on February 19, 2002, and it thereafter became law.    A copy of the Act is attached hereto as Exhibit 1 and made a part hereof as if fully set out herein ("hereinafter "Act").

6.     In November, 2006, Kevin Davis was elected Sheriff of Chilton County, Alabama and took office in January, 2007.

7.     The Act provides for a civil service merit system for certain employees of the Office of the Sheriff of Chilton County, Alabama, including the Plaintiffs in this case. Section 4 provides as follows:

> All employees to whom this act applies shall be governed by merit system rules and regulations governing dismissals, suspensions, lay-offs, and terminations, adopted and administered by the board.  Presently employed persons shall remain in their respective employments, but nothing herein shall be construed to prevent or preclude the removal of an employee for cause as provided herein.

8.     Section 5(a) creates a merit system board for the Office of the Sheriff of Chilton County which is to become effective upon the passage of the Act and is to be composed of three members, one appointed by the Chilton County Commission, one appointed by the Chilton County Sheriff, and one appointed jointly by the Commission and the Sheriff.  At no time since the adoption of the Act, has any Sheriff of Chilton County appointed a member of the board or participated in an appointment or otherwise

2

performed any duties imposed by the Act. Neither the merit system nor the board has been established.

9.    No sheriff of Chilton County has performed the duties required of him by the Act. Sheriff Davis has also failed to perform such duties or to appoint a member of the board as required by Section 5(a)(2) and has failed to cooperate with the Chilton County Commission in jointly naming another member of the board as required by Section 5(a)(3).

10.    The Plaintiffs aver that Sheriff Davis has failed and refused to make the appointments required by the Act because he desires to make personnel decisions for the office of sheriff without any interference by the said board or compliance with the requirements of Section 4 of the Act. Sheriff David wrongfully demoted and disciplined Plaintiff Fulmer without cause or hearing and wrongfully disciplined Plaintiff Autery without cause or hearing. On September 10, 2007, Sheriff Davis fired Shane Fulmer and Robbie Autery without cause or hearing. The Plaintiffs were demoted, disciplined, and fired by Sheriff Davis arbitrarily and capriciously, for unconstitutional reasons, without cause, without hearing, and without compliance with the merit system rules and regulations governing dismissals and termination adopted and administered by the board. The Plaintiffs were demoted, disciplined, and fired by Sheriff Davis because of their exercise of free speech rights in opposing Sheriff Davis in the campaign in which he was elected and in reporting on various illegal or unethical practices of Sheriff Davis to the Chilton County Commission and the Alabama Attorney General. The termination was

3

thus in violation of Plaintiffs' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

11.    Plaintiffs further aver that Sheriff Davis has established a policy of taking arbitrary adverse personnel actions in the office of sheriff of Chilton County affecting employees of the sheriff's office intended by the Act to be protected from such actions.

12.    Plaintiffs claim damages for their wrongful termination and pray for restoration to their former jobs with back pay and benefits as the result of their unlawful discharge and termination by Sheriff Davis.  Plaintiffs have been active in canvassing members of the Chilton County Commission to set in place the board and the regulations specified in the Act.  They have also discussed with the Alabama Attorney General's office unethical self dealing in public funds by Sheriff Davis.  In addition, Plaintiffs supported Sheriff Davis' opponent in the last election.  Sheriff Davis retaliated against Plaintiffs for these exercises of their constitutional rights under the First, Fifth and Fourteenth Amendments by disciplining, demoting, and terminating them.

### III.

### CAUSES OF ACTION

### COUNT ONE

13.    Plaintiffs adopt all of the allegations of this Complaint as a part of this Count One as if fully set out herein.

14.    Plaintiffs pray that pursuant to 42 U.S.C. § 1983 this Court will award Plaintiffs compensatory and punitive damages against Sheriff Davis in his individual capacity in an amount to be set by the jury and will grant Plaintiffs such equitable and

injunctive relief against Sheriff Davis in his official capacity as they may in the premises be entitled, all for the violation of Plaintiffs' rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs pray that this Court will award Plaintiffs' attorney's fees and costs of this action.

15.    Plaintiffs seek both legal and equitable relief in this Count, the equitable relief against Sheriff Davis in his official capacity and the legal relief in his individual capacity. Plaintiffs request attorney's fees and costs.

## COUNT TWO

16.    Plaintiffs adopt all of the allegations of this Complaint as a part of this Count Two as if fully set out herein.

17.    Plaintiffs pray that pursuant to 42 U.S.C. § 1983 the Court will award Plaintiffs damages in the form of back pay and benefits for their said wrongful termination and discharge and for such other damages as the jury may determine as a result of Sheriff Davis' arbitrary and capricious conduct in disciplining, demoting, and terminating Plaintiffs in retaliation for Plaintiffs' exercise of their constitutional rights under the First, Fifth, and Fourteenth Amendments.

18.    Plaintiffs seek both legal and equitable relief in this Count, the equitable relief against Sheriff Davis in his official capacity and the legal relief in his individual capacity. Plaintiffs request attorney's fees and costs.

## COUNT THREE

19.    Plaintiffs adopt all of the allegations of this Complaint as a part of this Count Three as if fully set out herein.

5

20.    Plaintiffs pray that this Court will pursuant to 42 U.S.C. § 1983 order Sheriff Davis in his official capacity to comply with and implement the Act immediately by entering a mandatory permanent injunction. Plaintiffs pray the Court will grant such other equitable relief as appropriate.

21.    Plaintiffs seek both legal and equitable relief in this Count, the equitable relief against Sheriff Davis in his official capacity and the legal relief in his individual capacity. Plaintiffs request attorney's fees and costs.

Respectfully submitted,

William Eugene Rutledge (ASB-7707-r67w)
Attorney for Plaintiffs

Gregory F. Yaghmai (ASB-2411-h67g)
Attorney for Plaintiffs

OF COUNSEL:

RUTLEDGE & YAGHMAI
3800 Colonnade Parkway
Suite 490
Birmingham, AL 35243
T:  (205) 969-2868
F: (205) 969-2862
williamerutledge@aol.com
yaghmai@rylaw.net

6

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY.

William Eugene Rutledge

PLAINTIFFS' ADDRESSES:

Robbie Autery
158 Belvedere Place
Alabaster, AL 35007

Shane Fulmer
115 County Road 941
Clanton, AL 35045

DEFENDANT'S ADDRESS:        **SERVE DEFENDANT BY CERTIFIED MAIL**

Sheriff Kevin Davis
Chilton County Sheriff's Department
500 2nd Avenue North
Room 204
Clanton, AL 35045

7

EXHIBIT "1"

1    HB69

2    39947-2

3    By Representative Martin (N & P)

4    RFD: Local Legislation

5    First Read: 08-JAN-2002

6    PFD 01/07/2002

HB69

1

2    <u>Enrolled</u>, An Act,

3              Relating to Chilton County; providing for a civil

4    service merit system for certain employees of the office of

5    the sheriff.

6    BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

7              Section 1. This act shall apply only in Chilton

8    County.

9              Section 2. As used in this act, the following words

10   have the following meanings:

11             (a) BOARD. The merit system board created by this

12   act.

13             (b) COUNTY. Chilton County.

14             (c) EMPLOYEE. Any law enforcement officer, radio

15   operator, jailer, and law enforcement support personnel, not

16   excepted by Section 3 of this act, who is employed by the

17   sheriff.

18             (d) MERIT EMPLOYEE. Any employee who shall have

19   completed one year of probationary employment.

20             Section 3. This act applies to all law enforcement

21   officials and employees employed by the Office of Sheriff of

22   Chilton County except the chief deputy.

23             Section 4. All employees to whom this act applies

24   shall be governed by merit system rules and regulations

25   governing dismissals, suspensions, lay-offs, and terminations,

HB69

1    adopted and administered by the board. Presently employed
2    persons shall remain in their respective employments, but
3    nothing herein shall be construed to prevent or preclude the
4    removal of an employee for cause as provided herein.
5              Section 5. (a) There is created a merit system board
6    for the Office of the Sheriff of Chilton County, which shall
7    become effective upon passage of this act and shall be
8    composed of three members appointed as follows:
9              (1) One member appointed by the Chilton County
10   Commission.
11             (2) One member appointed by the Chilton County
12   Sheriff.
13             (3) One member appointed by agreement of the Chilton
14   County Commission and the Chilton County Sheriff.
15             (b) The original members shall serve for terms of
16   one, two, and four years, as determined by the drawing of
17   lots. Thereafter, all members shall serve for a period of four
18   years. No person shall be appointed to the board unless he or
19   she is a resident and qualified elector of Chilton County and
20   over the age of 21 years.
21             (c) Members of the board shall take the
22   constitutional oath of office, which shall be filed in the
23   office of the probate judge. Vacancies on the board shall be
24   filled for the unexpired term of the vacant position in the
25   same manner as original appointments. The members of the board

HB69

1  shall elect a chair and secretary from among their members.

2  Any member of the board who becomes a candidate for, or is

3  elected or appointed to, another public office of profit must

4  vacate his or her office as a member of the board. No board

5  member shall be an elected official, appointed employee, or

6  employee of the county or any municipal government.

7      (d). Each member of the board shall serve without

8  pay.

9      Section 6. (a) The board shall fix the times for its

10  regular meetings and it may hold special, adjourned, or called

11  meetings at any time. A majority of the members of the board

12  shall constitute a quorum for the transaction of business. All

13  meetings of the board shall be held in the Chilton County

14  Courthouse. The board may prescribe rules governing its

15  procedure provided the rules are not inconsistent with this

16  act.

17      (b) The board shall keep minutes of its meetings and

18  a record of all business transacted by it. Its records, except

19  those which the rules of the board require to be held

20  confidential for reasons of public policy, shall be open for

21  inspection by any resident of the county at all reasonable

22  times.

23      Section 7. The Chilton County Commission shall

24  provide the board with materials and secretarial help when

25  needed during meetings and shall assign an area from time to

HB69

1    time for the board meetings. It shall also provide filing

2    cabinets and storage space for the board and shall pay all

3    expenses incurred by the board from the general fund of the

4    county, when a claim therefor is submitted and approved by the

5    Chilton County Commission.

6              Section 8. All appointments of employees to which

7    this act applies, other than temporary appointments, shall be

8    probationary for one year from the date of appointment. A

9    probationary employee may be discharged by the sheriff at his

10   or her pleasure at any time before the expiration of one year

11   from his or her appointment. After the employee has served for

12   one year in the position to which he or she was originally

13   appointed or employed, the employee shall become a merit

14   employee.

15             Section 9. Whenever a new sheriff is elected or

16   appointed, he or she may appoint any person as his or her

17   chief deputy sheriff, provided the person meets the minimum

18   standards for law enforcement officers as prescribed by the

19   general laws of the state. The person holding the position of

20   chief deputy sheriff immediately preceding the appointment of

21   a chief deputy may be terminated without benefit of the

22   provisions of this act.

23             Section 10. The sheriff may suspend, without pay, a

24   merit employee for any personal misconduct or fact affecting

25   or concerning his or her fitness or ability to perform his or

HB69

1    her duties in the public interest. In the event a merit
2    employee is suspended without pay for more than 10 days in any
3    one year, he or she shall be entitled to a public hearing by
4    the board upon written demand filed within five days from the
5    date of the order of suspension. If, after hearing, the board
6    determines that the action of the appointing authority was not
7    with good cause, the suspension shall be revoked.
8            Section 11. (a) The sheriff may remove, discharge or
9    demote any merit employee who is directly under the sheriff,
10   provided that within five days a report in writing of the
11   action is made to the board, giving the reason for the
12   removal, discharge, or demotion. The employee shall have 10
13   days which to appeal to the board from the time of his or her
14   notification of removal, discharge, or demotion. If an appeal
15   is filed, the board shall thereupon order the charges or
16   complaint to be filed forthwith in writing, if not already
17   filed, and shall hold a hearing de novo on the charges. No
18   merit employee shall be removed, discharged, or demoted except
19   for some personal misconduct or fact rendering his or her
20   further tenure harmful to the public interest, or for some
21   cause affecting or concerning his or her fitness or ability.
22   If the employee's removal, discharge, or demotion is appealed
23   to the board, then the same will become final only upon
24   affirmation by the board after a hearing where the employee
25   has been given an opportunity to face his or her accusers and

HB69

1    be heard in his or her own defense. Pending a hearing, the

2    affected employee may be suspended and after the hearing the

3    board may order the employee reinstated, demoted, removed,

4    discharged, or suspended, or take any other disciplinary

5    action as in their judgment is warranted by the evidence and

6    under the law. In all cases, the decision of the board shall

7    be reduced to writing and entered in the record of the case

8    and shall include the board's findings of facts upon which its

9    decision is based.

10         (b) The board may administer oaths, take

11    depositions, certify official acts, and issue subpoenas to

12    compel the attendance of witnesses and production of papers

13    necessary as evidence in connection with any hearing,

14    investigation, or proceeding within the purview of this act.

15    The sheriff or some other law enforcement officer of the

16    county shall serve all processes of the board. In the case a

17    person refuses to obey a subpoena, the board may invoke the

18    aid of the Circuit Court of Chilton County, to order that the

19    testimony or evidence be produced. Upon proper showing, the

20    court shall issue a subpoena or order requiring the person to

21    appear before the board and produce all evidence and give all

22    testimony relating to the matter in issue. A person who fails

23    to obey a subpoena or order may be punished by the court for

24    contempt. The fees of witnesses for attendance and travel

25    shall be the same as fees for witnesses in the Circuit Court

HB69

1    of Chilton County, and the fees shall be paid from the

2    treasury or the county in a case involving an employee of the

3    sheriff's department.

4            (c) In all proceedings before the board, the board

5    may employ an attorney to appear before the board and

6    prosecute all charges instituted by the sheriff when requested

7    or directed to do so and to give any legal advice and legal

8    assistance to the board as may be requested. The county

9    attorney of Chilton County or the attorney for the appointing

10   authority that is removing, discharging, demoting, or firing

11   the employee may serve in this capacity.

12           (d) Any person aggrieved by a decision of the board

13   may appeal that decision to the Circuit Court of Chilton

14   County within 30 days from the rendition of the decision by

15   the board. Review by the Circuit Court shall be without a jury

16   and be confined to the record and a determination of the

17   questions of law presented. The board's findings of fact shall

18   be final and conclusive.

19           Section 12. Each employee may exercise his or her

20   right as a citizen to express his or her opinion and to cast

21   his or her vote. No employee shall receive any appointment or

22   advancement as a reward for his or her support of a candidate

23   for office of a political party nor shall he or she be

24   dismissed, suspended, or reduced in rank or pay as punishment

HB69

1    for his or her failure to support any candidate for political

2    office.

3              Section 13. Any merit employee who willfully

4    violates any provision of this act, or any rule or regulation

5    issued in pursuance hereof, shall be dismissed from service

6    under the system and shall not be appointed or reemployed for

7    two years.

8              Section 14. All employees to which this act applies

9    shall be covered by the merit system within one year from the

10   effective date of this act.

11             Section 15. The provisions of this act are

12   severable. If any part of this act is declared invalid or

13   unconstitutional, that declaration shall not affect the part

14   which remains.

15             Section 16. All laws or parts of laws which conflict

16   with this act are repealed.

17             Section 17. This act shall become effective upon the

18   adoption of a local constitutional amendment to the

19   Constitution of Alabama of 1901, relating to Chilton County

20   and authorizing a civil service merit system for employees in

21   the Office of Sheriff.

HB69

1
2

3
4   _____
    Speaker of the House of Representatives

5
6   _____
    President and Presiding Officer of the Senate

7              House of Representatives
8        I hereby certify that the within Act originated in
9   and was passed by the House 15-JAN-2002.
10
11                   Greg Pappas
12                   Clerk
13

14   _____
15
16   Senate            19-FEB-2002                    Passed
17

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003410
Cashier ID: cstrecke
Transaction Date: 01/17/2008
Payer Name: RUTLEDGE AND YAGHMAI
-----------------------------------
CIVIL FILING FEE
 For: RUTLEDGE AND YAGHMAI
 Case/Party: D-ALM-2-08-CV-000041-001
 Amount:        $350.00
-----------------------------------
CHECK
 Remitter: RUTLEGE AND YAGHMAI
 Check/Money Order Num: 1096
 Amt Tendered: $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DALM208CV41-WC

RUTLEDGE AND YAGHMAI

3800 COLONNADE PKWY STE 490

BIRMINGHAM, AL  35243
```