IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBBIE AUTERY and SHANE FULMER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE No. 2:08-CV-41-WC |
| | ) | |
| KEVIN DAVIS in his official capacity | ) | |
| as  Sheriff of Chilton County, Alabama, | ) | |
| and individually | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ANSWER OF KEVIN DAVIS</u>

COMES NOW the Defendant, Kevin Davis, in his official and individual capacities, and in Answer to the Plaintiff's Complaint, states as follows;

## <u>FIRST DEFENSE</u>

1.     Defendant denies that his Court has jurisdiction over this action, pursuant to § 6-5-440 of the <u>Code of Alabama</u> (1975, as amended) based upon the pendency of Robbie Autery and Shane Fulmer v. Kevin Davis, in his official capacity as Sheriff of Chilton County, Alabama, and individually, CV-2007-900130 pending in the Circuit Court of Chilton County.  A copy of said State Court Complaint is attached hereto and made a part hereof by reference.

2.     Defendant admits that Plaintiff was employed as a former Deputy Sheriff in Chilton County, Alabama.  Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph, thus they are denied and strict proof is demanded.

3.      Defendant admits that Plaintiff was employed as a former Deputy Sheriff in Chilton County, Alabama.  Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph, thus they are denied and strict proof is demanded.

4.      The allegations of Paragraph 4 are admitted, except Kevin Davis did not become the Sheriff of Chilton County until January 16, 2007.

5.      Defendant admits that the legislation referred to in this paragraph as the "Act" passed the Alabama House on January 15, 2002 and the Alabama Senate on February 19, 2002. The remaining allegations of Paragraph 5 are denied and strict proof is demanded. Defendant also does not admit that such legislation is constitutional or applicable to him because of potential constitutionality issues.

6.      Admitted.

7.      Defendant admits that the Act in question does appear to provide for a system applicable to certain employees in the Office of the Sheriff of Chilton County and denies the remaining allegations of Paragraph 7. Defendant does not admit, however that said Act is constitutional or applicable to him because of potential constitutionality issues.

8.      Defendant admits that the Act in question refers to a system described in this paragraph.  Defendant denies the remaining allegations of this paragraph, and Defendant does not admit that said Act is constitutional or applicable to him because of potential constitutionality issues.

9.      Defendant admits that to the best of his knowledge no Sheriff of Chilton County has appointed a member to a board as set forth in the Act and denies the remaining allegations of this paragraph.  Defendant does not admit, however that said Act is constitutional or applicable to him because of potential constitutionality issues.

10.     Defendant admits that he has desires to make his own personnel decisions. Defendant denies the remaining allegations of paragraph 10 and demands strict proof thereof. Defendant does not admit that said Act is constitutional or applicable to him because of potential constitutionality issues.

11.     Defendant denies the allegations of paragraph 11 and demands strict proof thereof.

12.     Defendant denies the allegations of paragraph 12 and demands strict proof thereof.

13.     Defendant adopts and incorporates his prior admissions or denials as set forth above in Paragraphs 1 through 12 as if fully set forth herein.

14.     This paragraph does not require an affirmative response from this Defendant.  To the extent any affirmative response is due, Defendant denies the allegations of paragraph 14 and demands strict proof thereof.

15.     This paragraph does not require an affirmative response from this Defendant.  To the extent any affirmative response is due, Defendant denies the allegations of paragraph 15 and demands strict proof thereof.

16.     Defendant adopts and incorporates his prior admissions or denials as set forth above in Paragraphs 1 through 15 as if fully set forth herein.

17.     This paragraph does not require an affirmative response from this Defendant.  To the extent any affirmative response is due, Defendant denies the allegations of paragraph 17 and demands strict proof thereof.

18.     This paragraph does not require an affirmative response from this Defenant.  To the extent any affirmative response is due, Defendant denies the allegations of paragraph 18 and demand strict proof thereof.

19.     Defendant adopts and incorporates his prior admissions or denials as set forth above in paragraphs 1 through 18 as if fully set forth herein.

20.     This paragraph does not require an affirmative response from this Defendant.  To the extent any affirmative response is due, Defendant denies the allegations of paragraph 20 and demands strict proof thereof.

21.     This paragraph does not require an affirmative response from this Defendant.  To the extent any affirmative response is due, Defendant denies the allegations of paragraph 21 and demands strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief may be granted to the Plaintiffs.

## THIRD DEFENSE

The Defendant denies the material allegations of the Complaint and demands strict proof thereof.

## FOURTH DEFENSE

The Defendant pleads the general issue.

## FIFTH DEFENSE

The Defendant pleads not guilty.

**SIXTH DEFENSE**

The Defendant avers that he is not guilty of any violation of the Plaintiff's constitutional rights.

**SEVENTH DEFENSE**

The Defendant pleads the Statute of Limitations and Laches.

**EIGHTH DEFENSE**

The Plaintiffs have failed to exhaust their administrative remedies.

**NINTH DEFENSE**

The claims of the Plaintiffs are barred by § 11-12-8 of the Code of Alabama, 1975.

**TENTH DEFENSE**

The Defendant avers that all actions were taken in good faith.

**ELEVENTH DEFENSE**

The Defendant avers that all actions were made for bona fide business purposes.

**TWELFTH DEFENSE**

Defendant pleads the applicability of § 11-93-2 of the Alabama Code, 1975

**THIRTEENTH DEFENSE**

Defendant avers that all employment decisions were made as a result of business necessity.

**FOURTEENTH DEFENSE**

This Defendant pleads immunity under both the Federal and State Constitutions as well as Statutory and Common Law immunity.

### FIFTEENTH DEFENSE

This Defendant is entitled to discretionary function immunity.

### SIXTEENTH DEFENSE

This Defendant is entitled to sovereign immunity.

### SEVENTEENTH DEFENSE

This Defendant is entitled to qualified immunity.

### EIGHTEENTH DEFENSE

The Plaintiffs contributed to any of the alleged damages or injuries received.

### NINTEENTH DEFENSE

This Defendant is immune from punitive damages in this action.

### TWENTIETH DEFENSE

The Plaintiffs' alleged injuries resulted from their own neglect, wrongful or criminal conduct, and they contributed to any of the alleged damages or injuries received.  They should be estopped from any cause of action in this matter.

### TWENTY-FIRST DEFENSE

This Defendant is entitled to absolute immunity pursuant to § 6-5-338 of the Code of Alabama (1975, as Amended).

### TWENTY-SECOND DEFENSE

This Defendant asserts absolute immunity pursuant to the Eleventh Amendment.  See U. S. Constitution, Amendment XI.

### TWENTY-THIRD DEFENSE

This Defendant asserts absolute and sovereign immunity pursuant to Article I, § 14 of the Alabama Constitution.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claim for relief is barred for failure to mitigate damages, if any.

## TWENTY-FIFTH DEFENSE

Plaintiffs contributed to any of the alleged damages or injuries received.

## TWENTY-SIXTH DEFENSE

Plaintiffs cannot prove any unlawful conduct by Defendant; alternatively, even if Plaintiffs could prove unlawful conduct by Defendant, which Plaintiffs cannot, Defendant would have made the same decisions and taken the same actions without regard to any alleged unlawful motive or conduct.

## TWENTY-SEVENTH DEFENSE

After acquired evidence of wrongdoing is sufficient to justify termination.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims for damages are limited, in whole or in part, by statute.

## TWENTY-NINTH DEFENSE

Plaintiffs are barred from the recovery of special damages because they failed to plead such damages in the proper manner.

## THIRTIETH DEFENSE

Plaintiffs failed to mitigate their alleged damages.

## THIRTY-FIRST DEFENSE

Defendant pleads Collateral Estoppel.

## THIRTY-SECOND DEFENSE

Defendant pleads State Agent Immunity.

### THIRTY-THIRD DEFENSE

Defendant pleads Accord and Satisfaction.

### THIRTY-FOURTH DEFENSE

Defendant pleads Estoppel and Waiver.

### THIRTY –FIFTH DEFENSE

Defendant  pleads Res Judicata.

### THIRTY-SIXTH DEFENSE

Defendant pleads the unconstitutionality of the "Act" on the basis of the Alabama and United States Constitutions.

### THIRTY-SEVENTH DEFENSE

Defendant pleads the unconstitutionality of the "Act" in that it violates the separation of powers provided for in Article III, § 42 and § 43 as well as Article V, § 112 of the Constitution of Alabama, 1901.

### THIRTY-EIGHTH DEFENSE

Defendant pleads the unconstitutionality of the "Act" in that it is vague and overly broad.

### THIRTY-NINTH DEFENSE

Defendant pleads the Doctrine of Unclean Hands.

### FORTIETH DEFENSE

Defendant did not retaliate against Plaintiffs.

### FORTY-FIRST DEFENSE

None of the decisions made by Defendant were based on any protected conduct.

## FORTY-SECOND DEFENSE

Plaintiffs did not have any property interest, and the activity of the Plaintiffs' alleged free speech is not Constitutionally protected speech.

## FORTY-THIRD DEFENSE

Plaintiffs did not engage in protected conduct.

## FORTY-FOURTH DEFENSE

Defendant pleads lack of causation.

## FORTY-FIFTH DEFENSE

Plaintiffs are estopped due to equity and lack clean hands to obtain the relief requested.

## FORTY-SIX DEFENSE

Defendant pleads the applicable legislative caps and all pertinent provisions contained in § 6-11-21 of the Code of Alabama, (1975, as amended).

## FORTY-SEVENTH DEFENSE

1.      Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to the Plaintiffs.

2.      Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.  Plaintiffs are not entitled to recover and cannot establish any right to recover punitive damages under any state law or standard.

3.      Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America. Plaintiffs are not entitled to recover and cannot establish any right to recover punitive damages under any federal law or standard.

4.      Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5.      Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6.      Defendant avers that any award of punitive damages to the Plaintiffs in this case would be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendant is entitled to the same procedural safeguards accorded to criminal defendants.

7.      It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

8.      It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendants to disclose documents and evidence.

9.      Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10.    Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a)      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c)      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)      The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

11.    Plaintiffs' attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12.    The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13.    The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14.    The Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

15.    It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels Defendants to disclose evidence.

16. Plaintiffs' claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Ala.Code, 1975. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993).

17. Defendant denies that they acted with malice or reckless disregard to Plaintiff's rights.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR. (ASB-0613-A57-C)
Attorneys for Defendant, Kevin Davis

/s/ Allison Alford Ingram
ALLISON ALFORD INGRAM
Attorneys for Defendant, Kevin Davis

/s/ John W. Marsh
JOHN W. MARSH
Attorneys for Defendant, Kevin Davis

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive - Suite 204
Post Office Box 2148
Montgomery, Alabama 36109-5413
Phone  (334) 387-7680
FAX    (334) 387-3222

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. William E. Rutledge
Hon. Gregory F. Yaghmai
RUTLEDGE & YAGHMAI
3800 Colonnade Parkway, Suite 490
Birmingham, Alabama 35243


/s/ C. Winston Sheehan, Jr.
OF COUNSEL

/s/ Allison Alford Ingram
OF COUNSEL

/s/ John W. Marsh
OF COUNSEL

ELECTRONICALLY FILED
12/10/2007 4:25 PM
CV-2007-900130.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
GLENN MCGRIFF, CLERK

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBBIE AUTERY and SHANE FULMER, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| KEVIN DAVIS, in his official capacity as Sheriff of Chilton County, Alabama and individually; | ) ) ) ) | _____ |
| Defendant. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

### I. Parties

1.      The Plaintiff, Robbie Autery ("Autery"), is an adult resident of Shelby County, Alabama and a former Deputy Sheriff in Chilton County, Alabama.

2.      The Plaintiff, Shane Fulmer ("Fulmer"), is an adult resident of Chilton County, Alabama and a former Deputy Sheriff in Chilton County, Alabama.

3.      Kevin Davis ("Sheriff Davis") is the duly elected Sheriff of Chilton County, Alabama, and held the office of Sheriff at all times relevant hereto.

### II. Facts

4.      On January 15, 2002, the Alabama House of Representatives passed HB69, local legislation affecting Chilton County, Alabama. The Senate passed the act on February 19, 2002, and it thereafter became law.    A copy of the Act is attached hereto as Exhibit 1 and made a part hereof as if fully set out herein ("hereinafter "Act").

5.    In November, 2006, Kevin Davis was elected Sheriff of Chilton County, Alabama and took office in January, 2007.

6.    The Act provides for a civil service merit system for certain employees of the Office of the Sheriff of Chilton County, Alabama, said employees including the Plaintiffs in this case. Section 4 provides as follows:

> All employees to whom this act applies shall be governed by merit system rules and regulations governing dismissals, suspensions, lay-offs, and terminations, adopted and administered by the board. Presently employed persons shall remain in their respective employments, but nothing herein shall be construed to prevent or preclude the removal of an employee for cause as provided herein.

7.    Section 5(a) creates a merit system board for the Office of the Sheriff of Chilton County which is to become effective upon the passage of the Act and is to be composed of three members, one appointed by the Chilton County Commission, one appointed by the Chilton County Sheriff, and one appointed jointly by the Commission and the Sheriff.

8.    Sheriff Davis has failed and refused since his election as Sheriff to perform the duties required of him by the Act. Sheriff Davis has failed to appoint a member of the board as required by Section 5(a)(2) and has failed to cooperate with the Chilton County Commission in jointly naming another member of the board as required by Section 5(a)(3).

9.    The Plaintiffs aver that Sheriff Davis has failed and refused to make the appointments required by the Act because he desires to make personnel decisions for the Office of Sheriff without any interference by the said board or compliance with the requirements of Section 4 of the Act. On September 10, 2007, Sheriff Davis fired Shane

2

Fulmer and Robbie Autery. The Plaintiffs were fired by the Sheriff without cause and without compliance with the merit system rules and regulations governing dismissals and termination which were to be adopted and administered by the board.

10.    Plaintiffs further aver that Sheriff Davis has taken arbitrary and adverse personnel actions in the Office of Sheriff of Chilton County affecting certain employees of the Sheriff's office intended by the Act to be protected from such actions.

11.    Plaintiffs aver that unless this Court grants a declaratory judgment holding that Sheriff Davis is required by state law to appoint the board members referred to above and issuing an injunction requiring him to do so, that Sheriff Davis will continue to ignore the Act and will continue to make decisions which are adverse to those employees of the Sheriff's Department intended to be protected by the Act without compliance with the Act.

12.    Plaintiffs claim damages for their wrongful termination and restoration to their former jobs with back pay and benefits as the result of their unlawful discharge and termination by Sheriff Davis.

### III.  Causes of Action

### Count One

13.    Plaintiff adopts all of the allegations of this Complaint as a part of this Count One as if fully set out herein.

14.    Plaintiffs pray that pursuant to Rule 57, *Alabama Rules of Civil Procedure*, the Plaintiff is entitled to a declaratory judgment declaring that Sheriff Davis is required by state

law to immediately and forthwith act on the appointment of the board members referred to above arising from the said Act.

## Count Two

15.     Plaintiffs adopt all of the allegations of this Complaint as a part of this Count Two as if fully set out herein.

16.     Plaintiffs claim that pursuant to Rule 65, *Ala.R.Civ.P.*, they are entitled to a permanent injunction ordering and requiring Sheriff Davis to immediately and forthwith act on the obligation to appoint the above-referenced board members as prescribed by Section 5 of the Act and that following the trial of this case this Court will issue such a permanent injunction.

## Count Three

17.     Plaintiffs adopt all of the allegations of this Complaint as a part of this Count Three as if fully set out herein.

18.     Plaintiffs aver that they are entitled to damages in the form of back pay and benefits for their said wrongful termination and discharge and for such other damages as the jury may determine.

Respectfully submitted,

s/*William E. Rutledge*
William E. Rutledge (RUT001)
williamerutledge@aol.com

s/*Gregory F. Yaghmai*
Gregory F. Yaghmai (YAG001)
yaghmai@rylaw.net

Attorneys for Plaintiffs

4

OF COUNSEL:

RUTLEDGE & YAGHMAI
3800 Colonnade Parkway
Suite 490
Birmingham, AL 35243
T:  (205) 969-2868
F: (205) 969-2862


      **PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES TRIABLE BY JURY.**

                          *s/William E. Rutledge*
                          William E. Rutledge

PLAINTIFFS' ADDRESSES:

Robbie Autery
158 Belvedere Place
Alabaster, AL 35007

Shane Fulmer
115 County Road 941
Clanton, AL 35045

DEFENDANT'S ADDRESS:

Sheriff Kevin Davis
Chilton County Sheriff's Department
500 2nd Avenue North
Room 204
Clanton, AL 35045

**SERVE DEFENDANT BY CERTIFIED MAIL**

# EXHIBIT "1"

1   HB69

2   39947-2

3   By Representative Martin (N & P)

4   RFD: Local Legislation

5   First Read: 08-JAN-2002

6   PFD 01/07/2002

HB69

1

2     Enrolled, An Act,

3                    Relating to Chilton County; providing for a civil

4     service merit system for certain employees of the office of

5     the sheriff.

6     BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

7                    Section 1. This act shall apply only in Chilton

8     County.

9                    Section 2. As used in this act, the following words

10    have the following meanings:

11                   (a) BOARD. The merit system board created by this

12    act.

13                   (b) COUNTY. Chilton County.

14                   (c) EMPLOYEE. Any law enforcement officer, radio

15    operator, jailer, and law enforcement support personnel, not

16    excepted by Section 3 of this act, who is employed by the

17    sheriff.

18                   (d) MERIT EMPLOYEE. Any employee who shall have

19    completed one year of probationary employment.

20                   Section 3. This act applies to all law enforcement

21    officials and employees employed by the Office of Sheriff of

22    Chilton County except the chief deputy.

23                   Section 4. All employees to whom this act applies

24    shall be governed by merit system rules and regulations

25    governing dismissals, suspensions, lay-offs, and terminations,

HB69

1    adopted and administered by the board. Presently employed
2    persons shall remain in their respective employments, but
3    nothing herein shall be construed to prevent or preclude the
4    removal of an employee for cause as provided herein.
5            Section 5. (a) There is created a merit system board
6    for the Office of the Sheriff of Chilton County, which shall
7    become effective upon passage of this act and shall be
8    composed of three members appointed as follows:
9            (1) One member appointed by the Chilton County
10   Commission.
11           (2) One member appointed by the Chilton County
12   Sheriff.
13           (3) One member appointed by agreement of the Chilton
14   County Commission and the Chilton County Sheriff.
15           (b) The original members shall serve for terms of
16   one, two, and four years, as determined by the drawing of
17   lots. Thereafter, all members shall serve for a period of four
18   years. No person shall be appointed to the board unless he or
19   she is a resident and qualified elector of Chilton County and
20   over the age of 21 years.
21           (c) Members of the board shall take the
22   constitutional oath of office, which shall be filed in the
23   office of the probate judge. Vacancies on the board shall be
24   filled for the unexpired term of the vacant position in the
25   same manner as original appointments. The members of the board

HB69

1     shall elect a chair and secretary from among their members.

2     Any member of the board who becomes a candidate for, or is

3     elected or appointed to, another public office of profit must

4     vacate his or her office as a member of the board. No board

5     member shall be an elected official, appointed employee, or

6     employee of the county or any municipal government.

7             (d). Each member of the board shall serve without

8     pay.

9             Section 6. (a) The board shall fix the times for its

10    regular meetings and it may hold special, adjourned, or called

11    meetings at any time. A majority of the members of the board

12    shall constitute a quorum for the transaction of business. All

13    meetings of the board shall be held in the Chilton County

14    Courthouse. The board may prescribe rules governing its

15    procedure provided the rules are not inconsistent with this

16    act.

17           (b) The board shall keep minutes of its meetings and

18    a record of all business transacted by it. Its records, except

19    those which the rules of the board require to be held

20    confidential for reasons of public policy, shall be open for

21    inspection by any resident of the county at all reasonable

22    times.

23         Section 7. The Chilton County Commission shall

24    provide the board with materials and secretarial help when

25    needed during meetings and shall assign an area from time to

HB69

1    time for the board meetings. It shall also provide filing
2    cabinets and storage space for the board and shall pay all
3    expenses incurred by the board from the general fund of the
4    county, when a claim therefor is submitted and approved by the
5    Chilton County Commission.

6         Section 8. All appointments of employees to which
7    this act applies, other than temporary appointments, shall be
8    probationary for one year from the date of appointment. A
9    probationary employee may be discharged by the sheriff at his
10   or her pleasure at any time before the expiration of one year
11   from his or her appointment. After the employee has served for
12   one year in the position to which he or she was originally
13   appointed or employed, the employee shall become a merit
14   employee.

15        Section 9. Whenever a new sheriff is elected or
16   appointed, he or she may appoint any person as his or her
17   chief deputy sheriff, provided the person meets the minimum
18   standards for law enforcement officers as prescribed by the
19   general laws of the state. The person holding the position of
20   chief deputy sheriff immediately preceding the appointment of
21   a chief deputy may be terminated without benefit of the
22   provisions of this act.

23        Section 10. The sheriff may suspend, without pay, a
24   merit employee for any personal misconduct or fact affecting
25   or concerning his or her fitness or ability to perform his or

HB69

1    her duties in the public interest. In the event a merit
2    employee is suspended without pay for more than 10 days in any
3    one year, he or she shall be entitled to a public hearing by
4    the board upon written demand filed within five days from the
5    date of the order of suspension. If, after hearing, the board
6    determines that the action of the appointing authority was not
7    with good cause, the suspension shall be revoked.
8            Section 11. (a) The sheriff may remove, discharge or
9    demote any merit employee who is directly under the sheriff,
10   provided that within five days a report in writing of the
11   action is made to the board, giving the reason for the
12   removal, discharge, or demotion. The employee shall have 10
13   days which to appeal to the board from the time of his or her
14   notification of removal, discharge, or demotion. If an appeal
15   is filed, the board shall thereupon order the charges or
16   complaint to be filed forthwith in writing, if not already
17   filed, and shall hold a hearing de novo on the charges. No
18   merit employee shall be removed, discharged, or demoted except
19   for some personal misconduct or fact rendering his or her
20   further tenure harmful to the public interest, or for some
21   cause affecting or concerning his or her fitness or ability.
22   If the employee's removal, discharge, or demotion is appealed
23   to the board, then the same will become final only upon
24   affirmation by the board after a hearing where the employee
25   has been given an opportunity to face his or her accusers and

HB69

1       be heard in his or her own defense. Pending a hearing, the

2       affected employee may be suspended and after the hearing the

3       board may order the employee reinstated, demoted, removed,

4       discharged, or suspended, or take any other disciplinary

5       action as in their judgment is warranted by the evidence and

6       under the law. In all cases, the decision of the board shall

7       be reduced to writing and entered in the record of the case

8       and shall include the board's findings of facts upon which its

9       decision is based.

10              (b) The board may administer oaths, take

11      depositions, certify official acts, and issue subpoenas to

12      compel the attendance of witnesses and production of papers

13      necessary as evidence in connection with any hearing,

14      investigation, or proceeding within the purview of this act.

15      The sheriff or some other law enforcement officer of the

16      county shall serve all processes of the board. In the case a

17      person refuses to obey a subpoena, the board may invoke the

18      aid of the Circuit Court of Chilton County, to order that the

19      testimony or evidence be produced. Upon proper showing, the

20      court shall issue a subpoena or order requiring the person to

21      appear before the board and produce all evidence and give all

22      testimony relating to the matter in issue. A person who fails

23      to obey a subpoena or order may be punished by the court for

24      contempt. The fees of witnesses for attendance and travel

25      shall be the same as fees for witnesses in the Circuit Court

HB69

1    of Chilton County, and the fees shall be paid from the
2    treasury or the county in a case involving an employee of the
3    sheriff's department.

4         (c) In all proceedings before the board, the board
5    may employ an attorney to appear before the board and
6    prosecute all charges instituted by the sheriff when requested
7    or directed to do so and to give any legal advice and legal
8    assistance to the board as may be requested. The county
9    attorney of Chilton County or the attorney for the appointing
10   authority that is removing, discharging, demoting, or firing
11   the employee may serve in this capacity.

12        (d) Any person aggrieved by a decision of the board
13   may appeal that decision to the Circuit Court of Chilton
14   County within 30 days from the rendition of the decision by
15   the board. Review by the Circuit Court shall be without a jury
16   and be confined to the record and a determination of the
17   questions of law presented. The board's findings of fact shall
18   be final and conclusive.

19        Section 12. Each employee may exercise his or her
20   right as a citizen to express his or her opinion and to cast
21   his or her vote. No employee shall receive any appointment or
22   advancement as a reward for his or her support of a candidate
23   for office of a political party nor shall he or she be
24   dismissed, suspended, or reduced in rank or pay as punishment

Page 7

HB69

1    for his or her failure to support any candidate for political
2    office.

3            Section 13. Any merit employee who willfully
4    violates any provision of this act, or any rule or regulation
5    issued in pursuance hereof, shall be dismissed from service
6    under the system and shall not be appointed or reemployed for
7    two years.

8            Section 14. All employees to which this act applies
9    shall be covered by the merit system within one year from the
10   effective date of this act.

11           Section 15. The provisions of this act are
12   severable. If any part of this act is declared invalid or
13   unconstitutional, that declaration shall not affect the part
14   which remains.

15           Section 16. All laws or parts of laws which conflict
16   with this act are repealed.

17           Section 17. This act shall become effective upon the
18   adoption of a local constitutional amendment to the
19   Constitution of Alabama of 1901, relating to Chilton County
20   and authorizing a civil service merit system for employees in
21   the Office of Sheriff.

HB69

1

2

3
4
_____

Speaker of the House of Representatives


5
6
_____

President and Presiding Officer of the Senate


7                    House of Representatives

8           I hereby certify that the within Act originated in
9      and was passed by the House 15-JAN-2002.
10
11                         Greg Pappas
12                         Clerk
13

14

15

16   Senate                19-FEB-2002                    Passed
17

Page 9