IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBBIE AUTERY and SHANE FULMER,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:08-CV-41-WC** |
| ) | |
| **KEVIN DAVIS, in his official capacity** ) | |
| **as Sheriff of Chilton County, Alabama,** ) | |
| **and individually,** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT KEVIN DAVIS' REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Defendant, Kevin Davis, in his official capacity as Sheriff of Chilton County, Alabama, and individually (hereinafter "Sheriff Davis"), and submits this Reply Brief in Support of his Motion for Summary Judgment, and states as follows:

### I. FACTS

Defendant submitted a Narrative Summary of Undisputed Facts, providing support from depositions and affidavits. In response thereto, Plaintiffs have adopted a number of facts submitted by the Defendant. (Plaintiffs' Brief p. 2-6). Plaintiffs then move the Court to strike certain portions of Defendant's facts "because material is not admissible evidence and does not state undisputed facts" (Plaintiffs' Brief p. 6-8). Finally, the Plaintiffs argue that the "balance of Defendant's alleged undisputed facts are disputed by Plaintiffs." (Plaintiffs' Brief p. 8).

Defendant submits that material facts as alleged by him in his Narrative Summary of Undisputed Facts are properly submitted to this Court. Although Plaintiffs argue that several paragraphs of facts are not admissible and do not state undisputed facts, Plaintiffs provide no factual

support nor legal argument to substantiate this contention. The evidence submitted by the Plaintiffs in their Evidentiary Submission does not contest the substantial majority of the Narrative Summary of Undisputed Facts as submitted by the Defendant. Defendant submits, therefore, that there are, undisputed facts, before this Court upon which to enter Summary Judgment in favor of the Defendant.

## II. HOUSE BILL 69 IS UNCONSTITUTIONAL

Defendant has argued that House Bill 69 is unconstitutional for two reasons: (1) because it violates the Separation of Powers Doctrine of the Constitution of Alabama of 1901 and (2) because it was not timely introduced in the Alabama legislature. In response to these arguments, Plaintiffs have not submitted any legal authority establishing the constitutionality of the Act. Instead, Plaintiffs have merely assert that the Act is constitutional.

Defendant submits that the Alabama Constitution Article III, §§ 42 and 43 and Article V, §112 establish the separation of the powers of the executive, judicial, and legislative branch, and that it is undisputed that the Sheriff is a member of the executive branch of government. Santana v. Calderon, 342 F.3d 18 (1st Cir. 2003) is a case cited by the defendant in support of the proposition that the legislative branch should not have the power to remove certain executive officers. Just as the President and Governor have certain powers of appointment, they likewise have the power to terminate certain employees. The implicit constitutional power to remove executive officers derives from the President's constitutional obligations to assure that laws are faithfully executed. Santana v. Calderon, 342 F.3d at 26.

Similarly, the Sheriff, as an executive officer of the state has the power to hire employees in his office and should have the power to remove employees who work under him. Defendant is not arguing for the Court today, that that power should necessarily be unlimited as it pertains to

employees other than deputy sheriffs. Defendant submits, however, that due to the relationship of a sheriff and his deputies, he should have the sole power to remove or terminate the employment of deputy sheriffs working under him. To permit others to infringe upon his power to do so for these sensitive positions of deputy sheriff would infringe upon the Separation of Powers Doctrine.

As concerns the second basis of unconstitutionality of the local Act, Defendant submits that Plaintiffs have not disputed the timeline of the introduction of the Act. Further, Plaintiffs have not disputed that Article IV, § 106 to the Constitution of Alabama of 1901 requires that the Act be introduced in the first legislative session after the advertisement had run in the newspaper for four (4) weeks. Plaintiffs simply argue that because the Act was introduced in the first "Regular Session" of the legislature following the advertisement, it meets the constitutional mandates. Defendant submits that Plaintiffs have not cited any authority to support this position. Nor have Plaintiffs attempted to distinguish the authority cited by the Defendant which supports a finding that the Act was not timely presented as required. As a result, Defendant submits the Act is unconstitutional.

### III. SUBSTANTIVE DUE PROCESS

Defendant argues that substantive rights are created only by state law, as is the case with employment law, and are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution." McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) Plaintiffs have not contested this argument or responded to it. Defendant submits, therefore, that Summary Judgment is due to be entered in his favor on the substantive due process claim, to the extent Plaintiffs raise such a claim.

### IV. PROCEDURAL DUE PROCESS

Plaintiffs initially alleged their Fifth and Fourteenth Amendment rights were violated. Defendant argued that because Plaintiffs were not employees of the Federal Government, the Fifth Amendment does not apply to them and Plaintiffs' Fifth Amendment claims are, therefore, due to be dismissed. Plaintiffs have responded by stating that "[t]his case is clearly a First Amendment-Fourteenth Amendment demotion and discharge case." Plaintiffs have apparently agreed and do not appear to be pursuing their Fifth Amendment claim.

As concerns Plaintiffs' Fourteenth Amendment procedural due process claim, Defendant argued that current law holds that the Due Process Clause of the Fourteenth Amendment is not violated by unauthorized actions of state officials, if the state makes available a meaningful post-deprivation remedy. In support of this legal position, Defendant cited the Court to three recent Middle District of Alabama cases: Lumpkin v. City of Lafayette, Alabama, 24 F.Supp.2d 1259, 1265 (M.D. Ala. 1998); Hill v. Manning, 236 F.Supp.2d 1292 (M.D. Ala. 2002), and Boggan v. McLendon, 2005 WL 1618550 (M.D. Ala. 2005). In those three cases, this Court has affirmed the principle that when the Plaintiff challenges the procedures as applied to him, as opposed to challenging the state process itself, Plaintiff is required to establish the absence of a meaningful post-deprivation remedy to survive Summary Judgment.

In this case, Defendant has argued that Plaintiffs alleged Sheriff Davis deviated from established procedures by not appointing a member to the Chilton County Merit Board. (Defendant's Brief p. 24). Plaintiffs do not allege in their Complaint that the Sheriff has failed to provide them with a meaningful post-deprivation remedy. In fact, to the contrary, Plaintiffs allege the existence of an adequate post-deprivation remedy in the form of an appeal process which goes to the Merit Board and then ultimately on to Chilton County Circuit Court. Confirming the adequacy of the existence of post-deprivation remedies, Plaintiffs allege in their Complaint that they had been

active in canvassing members of the Chilton County Commission to set in place the board and regulations specified in the Act establishing the Merit Board. As a result, Defendant submits that Plaintiffs do not challenge the underlying applicability of the procedures or the constitutionality of the procedures. Instead, Plaintiffs argue that state post-deprivation remedies are adequate because the Act provides for an appeals process, which ultimately results in the ability to file in State Court, which Plaintiffs have done in this case. As a result, Defendant submits that Plaintiffs cannot establish a procedural due process claim.

Plaintiffs have not responded to this argument and have not argued either basis of a procedural due process claim. Plaintiffs have not argued that they are challenging the state process itself. Nor are they arguing that the procedures applied to them are inadequate. Instead, their argument seems to merely be that Sheriff Davis did not appoint a member to the Merit Board, and that such failure resulted in a violation of their procedural due process rights. Based upon existing due process law, Defendant submits that such an argument is insufficient to establish a procedural due process violation. Summary Judgment is, therefore, due to be entered in favor of Sheriff Davis on Plaintiffs' procedural due process claim.

## V. PLAINTIFFS' FIRST AMENDMENT CLAIM

Plaintiffs argue there is a violation of their First Amendment rights as both a "political patronage dismissal" and "employee expression" case. As concern the political patronage claim, Plaintiffs have cited the Court to Epps v. Watson, 492 F.3d 1240 (11th Cir. 2007). In Epps, the Eleventh Circuit found the Elrod-Branti analysis appropriate in political patronage discharges. Id. at 1244, (referring to Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed. 2d 547 (1976) and Branti v. Finkel, 445 U.S. 507, 518, 100 S.Ct. 1287, 1295, 63 L.Ed. 2d 574 (1980)). Under the Elrod-Branti analysis, patronage dismissals are generally held to be unconstitutional because

5

the practice limits political belief and association. The Elrod Court created a narrow exception allowing patronage dismissals of those holding policymaking positions because of the advancement of important government goals of assuring "the implementation of policies of [a] new administration, policies presumably sanctioned by the electorate." Epps, 492 F.3d at 1244, (quoting Elrod v. Burns, 427 U.S. at 367, 96 S.Ct. at 2687). The Branti Court modified the test by adding that the ultimate inquiry is not whether the person is labeled as a policymaker or in a confidential position. Instead, the question is whether party affiliation can be demonstrated as an appropriate requirement for the effective performance of the public position involved. Branti, 445 U.S. at 518, 100 S.Ct. at 1295.

The Eleventh Circuit went on to specifically examine political patronage claims in the context of a county sheriff's office. Sheriff Davis referred the Court to the Eleventh Circuit analysis of Terry v. Cook, 866 F.2d 373 (11th Cir. 1989) in its Brief (Defendant's Brief pp. 25-27). Under the Terry v. Cook analysis, there is no less restrictive means for the meeting of the needs of public service in the case of the sheriff's deputy than to acknowledge "a sheriff's absolute authority of appointment over hiring and firing his deputies." Epps, 492 F.3d at 1245, citing Terry v. Cook, 866 F.2d at 377. Accordingly, under the authority of Terry v. Cook and Epps v. Watson, Plaintiffs cannot establish a viable political patronage First Amendment claim. Summary Judgment is due to be entered in favor of Sheriff Davis to the extent Plaintiffs raise a political patronage claim.

As concerns the employee expression claim, the balancing test stated in Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed. 2d 811 (1968) requires the Court to balance the employee's interest in commenting upon matters of public concern and the state's interest in promoting the efficiency of public services. Brett v. Jefferson County, Georgia, 123

F.3d 1429, 1433 (11th Cir. 1997). Sheriff Davis has argued that the speech exhibited by the Plaintiff was not protected speech on matters of public concern. (Defendant's Brief p. 28). It is undisputed that the Plaintiffs voiced displeasure among other employees and members of the community about the way Sheriff Davis was handling their employment and other matters in the Sheriff's Office. (See Plaintiffs' Brief p. 4 adopting Defendant's Statement of Undisputed Facts). Defendant submits that when balancing this speech against the interest of the Sheriff in promoting the duties and obligations of his office, the state's interest outweighs the individual's right to such speech.

In the Plaintiffs' Brief, they admit that:

Both Shane Fulmer and Robbie Autery continued to complain about Sheriff Davis's decisions with regard to their employment. (Ex. "B", Affidavit of Shane Mayfield, ¶ 8 and 9; Ex. "C", Depo. of Autery p. 46, line 4 to p. 47, 1. 17, p. 55, lines 1-23, p. 102, lines 4-6, p. 121, lines 1-18; Ex. "D", Depo. of Davis p.241, line 11 to p. 244, line 21, p. 248, line 5, to p. 251, line 21, p. 254, lines 1-16). Based upon the repeated complaints by Shane Fulmer and Robbie Autery, Chief Deputy Mayfield reported their conduct to Sheriff Davis. (Ex. "B", Affidavit of Shane Mayfield, ¶ 9).

The Plaintiffs' comments were an attempt to undermine the Sheriff's authority and interfere with the efficient and effective delivery of public services. In the recent opinion of <u>Engquist v. Oregon Dept. of Agr.</u>, 2008 WL 2329768 (U.S. June 09, 2008) the Supreme Court quoted from <u>Connick v. Myers</u>, 461 U.S. 138, 150-151 (1983) "(explaining that the government has a legitimate interest "in promot[ing] efficiency and integrity in the discharge of official duties, and [in] maintain[ing] proper discipline in the public service'")". Chief Justice Roberts repeatedly pointed out that common sense dictates that Government offices cannot function if every employment decision becomes a constitutional matter. "Given the 'common-sense realization that Government offices could not function if every employment decision became a constitutional matter,'". . . .

As a result, Defendant submits that he should be entitled to have absolute authority of appointment and termination over these employees. Defendant submits, therefore, that Plaintiffs cannot establish a First Amendment "employee expression" claim. Summary Judgment is therefore due to be entered in favor of Sheriff Davis on this claim as well.

## VI. QUALIFIED IMMUNITY

Plaintiffs agree that qualified immunity shields public officials performing discretionary functions from suit for civil violations as long as their conduct does not violate "clearly established statutory or constitutional rights that which a reasonable person would have known." (Plaintiff's Brief p. 12-13 quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Plaintiffs' focus on the qualified immunity analysis appears to be that the Defendant was not performing a discretionary function. (See Plaintiffs' Brief pp. 14-15).

To determine whether an official is performing a discretionary function, he need only show that (1) acts were undertaken pursuant to the official performance of his duties, and (2) that such acts were within the scope of the official's authority. Williams v. Gold Allison, 4 F.Supp. 2d 1112, 1122 (M.D. Ala. 1998).

Although Plaintiffs argue that the Defendant did not have discretion as to whether to make appointments to the Chilton County Merit System Board and did not have discretion to terminate Plaintiffs because of their free speech and political activities (see Plaintiffs' Brief pp. 14-15), Defendant submits that the issue for the Court is whether the Defendant was acting within his discretionary authority when he terminated the Plaintiffs' employment. Defendant submits that the Sheriff's actions in terminating the Plaintiffs' employment were undertaken pursuant to the performance of his duties and were within the scope of his authority. Typically, Plaintiffs concede that decisions over termination are taken within the performance of an

8

official's duty.  See e.g. Epps v. Watson, 492 F.3d 1240, 1243 (11th Cir. 2007) (No dispute as to the discretionary nature of the actions complained-of termination).  Defendant submits, however, that even if the Court were to find that the relevant analysis involved the Defendant's action in making an appointment to the Board, his role in making or failing to make an appointment to the Board were taken pursuant to the performance of his duties and were within the scope of his authority.  As such, Defendant submits that all actions complained of in this case were undertaken pursuant to his discretionary authority.

Once it has been established that the acts were taken pursuant to the performance of Sheriff Davis' discretionary authority, then Plaintiffs must prove the Defendant violated clearly established law.  Defendant has argued that it was not clearly established that a sheriff did not have sole authority to terminate his deputy sheriff because the Alabama Constitution indicates that the power of the executive branch is separate and distinct from that of the legislative branch.  In addition, the language of Terry v. Cook, supra., indicates that the closeness and cooperation required between sheriffs and their deputies necessitates the sheriff's absolute authority over their appointment and/or retention.  Plaintiffs have not provided the Court with any authority that contravenes the Eleventh Circuit's holdings in Terry v. Cook.  As such, Defendant submits that he is entitled to qualified immunity on Plaintiffs' First Amendment political patronage claim.

Defendant further submits that Plaintiffs have not established that the law was clearly established in the Eleventh Circuit that his conduct violated the First Amendment on the basis of employee expression.  On the contrary, law was established in support of Defendant's right to terminate the Plaintiffs' for their conduct, both in supporting Sheriff Davis' opponent, and in making negative comments about his policies and administration to other officers and members of the public.  The comments and actions of the Plaintiffs interfered with the efficient and

effective delivery of public services. As such, comments were not protected under the First Amendment.

Finally, law was not clearly established that it was a violation of the Fourteenth Amendment Due Process Clause for the Defendant to fail to provide a post-termination hearing. On the contrary, Eleventh Circuit law indicates that the Due Process Clause is not violated by unauthorized actions of state officials if the state makes available a meaningful post-deprivation remedy. Such a post-deprivation remedy has been provided in this case. Although Defendant does not admit that he engaged in unauthorized actions when he did not make an appointment to the Board, even if he did, existing law indicates there was no due process violation because the Plaintiffs had a right to appeal that decision, which they have exercised by filing suit in State Court.

## **CONCLUSION**

For all of the reasons stated in the Brief in Support of the Motion for Summary Judgment and the Reply Brief, Defendant submits a Summary Judgment is due to be entered in his favor and against the Plaintiffs on all counts as a matter of law.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN   (SHE 013)
Attorneys for Defendant Kevin Davis


/s/ Allison Alford Ingram
ALLISON ALFORD INGRAM  (ALF005)
Attorneys for Defendant Kevin Davis

                                      /s/ John W. Marsh
                                      JOHN W. MARSH  (MAR173)
                                      Attorneys for Defendant Kevin Davis

OF COUNSEL:
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

Hon. Gregory F. Yaghmai
Hon. William E. Rutledge
RUTLEDGE & YAGHMAI
3800 Colonnade Parkway, Suite 490
Birmingham, Alabama 35243
williamerutledge@aol.com
yaghmai@rylaw.net


/s/ C. Winston Sheehan, Jr.
OF COUNSEL


/s/ Allison Alford Ingram
OF COUNSEL


/s/ John W. Marsh
OF COUNSEL